USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| DANOMALOUS PRODUCTIONS, LLC;<br>DANNY ABOSCH; and JOHN MACLAY,<br><br>Plaintiffs,<br><br>-against-<br><br><br>SCHOLASTIC ENTERTAINMENT INC.; and<br>SCHOLASTIC INC.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    No.1:24-cv-08041 (AT)<br><br>**STIPULATION AND**<br>**PROTECTIVE ORDER** |

------------------------------------------------------------x

     WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

     ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party or for any non-party furnishing documents or information, may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in confidential, proprietary and/or trade secret information that is generally unavailable to the public, including, without limitation, commercially sensitive or otherwise confidential business, financial and/or personal information, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party or non-party as confidential will be stamped "CONFIDENTIAL."

2. In the case of depositions, testimony may be designated as Confidential Information by (a) a statement on the record, by counsel, during such deposition that the entire transcript of a portion thereof shall be designated as "Confidential"; or (b) by written notice of such designation sent by counsel within thirty (30) days after that party's or non-party's receipt of the transcript of the deposition. Whether or not so designated on the record at deposition, the parties shall treat all deposition testimony as Confidential Information under this Protective Order until the expiration of thirty (30) days after the party's or non-party's receipt of the transcript of the deposition. The parties may modify this procedure for any

particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action (the "Action").

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' Eyes Only," and documents or information so designated shall be deemed protected to the extent the parties agree in writing. Unless otherwise agreed by the parties (or, to the extent applicable, a non-party),all other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel, and the requesting party's officers, directors and employees (current or former) to whom disclosure is reasonably necessary;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;
   d. Any fact witness who counsel for the requesting party in good faith believes may be called to testify at trial or deposition in this Action, and as to whom counsel believes in good faith that disclosure of Confidential Information will assist counsel in the conduct of this Action, so long as the witness is only shown the Confidential Information during and in preparation for his/her testimony, and is not permitted to retain the Confidential Information following such testimony;
   e. Stenographers and video and/or audio technicians engaged to transcribe or record depositions conducted in this Action;
   f. Independent photocopying vendors, graphic production services, contract attorneys, electronic document management vendors, or other litigation support services employed by the Parties or their counsel to assist in this Action, including computer service personnel performing duties in relation to a computerized litigation system;
   g. Employees of the parties' insurance carriers to whom it is necessary that the Confidential Information be shown for purposes of the Action;

  h. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

  i. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Before disclosing or displaying the Confidential Information to any person referenced in Paragraph 4(d) or 4(h) above, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

8. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow Section IV of the Court's Individual Practices in Civil Cases with respect to filing under seal, including with respect to seeking leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it.  In the event that any material designated under this Order is used, described, characterized, excerpted, or referenced in, or attached to, any Court hearing or proceeding, including without limitation, any oral argument and trial, or submission in connection with this Action: (a) it shall not lose its confidential status through such use; and (b) the Parties shall take all steps reasonably required to protect its confidentiality during such proceeding.

4769134.2 009990-0340-000

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED**.

| KLARIS LAW, PLLC | DAVIS+GILBERT LLP |
|---|---|
| By: | By: |
| *[signature]* | /s/ |
| Lacy ("Lance") H. Koonce, III<br>Gili Karev<br>161 Water Street, Suite 904<br>New York, NY 10038<br>(646) 779-4882<br>Lance.Koonce@klarislaw.com | Guy Cohen<br>Jacklyn M. Siegel<br>William S. Kukin<br>1675 Broadway<br>New York, New York 10019<br>(212) 468-4800<br>gcohen@dglaw.com<br>jseigel@dglaw.com<br>wkukin@dglaw.com |
| *Attorneys for Plaintiffs Danomolous Productions, LLC; Danny Abosch; and John Maclay* | *Attorneys for Defendants Scholastic Inc. and Scholastic Entertainment Inc.* |

**SO ORDERED**.

_____
**Hon. Analisa Torres**
United States District Judge

Dated:   March 11, 2025
             New York, New York

4

4769134.2 009990-0340-000