

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/2025

Guy Cohen
d 212 468 4853
gcohen@dglaw.com

December 24, 2025

**By ECF and Email**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Abosch et al. v. Scholastic Entertainment Inc., et al.*, No. 24-cv-08041 (AT)

Dear Judge Torres:

      This firm represents Defendants Scholastic Inc. and Scholastic Entertainment Inc. (together, "Scholastic") in the above-referenced action, which concerns copyright, trademark and contractual rights relating to a *Goosebumps* musical that Plaintiffs created. In light of Scholastic's pending motion to dismiss, (ECF No. 49, the "Motion"), and the pending close of fact discovery on January 16, 2026, Defendants write to request an extension of the deadline for submission of pre-motion letters regarding summary judgment to a date to be determined by the Court after (i) a decision is rendered on Scholastic's pending motion to dismiss the First Amended Complaint ("FAC"); (ii) Scholastic thereafter files its answer to the FAC, with counterclaims; and (iii) Plaintiffs answer Scholastic's counterclaims. Plaintiffs write to request an extension of the time to complete expert discovery to a date to be determined by the Court after a decision is rendered on the Motion. Neither Party opposes the other Party's request.

      Under the Case Management Plan, as revised (ECF Nos. 33, 74), the parties must request a pre-motion conference on anticipated summary judgment motions within 14 days of the January 16 close of fact discovery. Scholastic requests an extension of that deadline for two reasons. First, Scholastic's Motion seeks dismissal, in whole or in part, of eight of Plaintiffs' ten causes of action. (ECF No. 49.) Specifically, the Motion seeks dismissal in whole of: Count I, which seeks a declaration as to copyright authorship of the musical; Count II, for fraudulent inducement; Count III, for a declaration of copyright ownership of the musical; Count VII, for negligent misrepresentation; Count VIII, for fraudulent misrepresentation; Count IX, for breach of fiduciary duty; and Count X, for a declaration that the parties' 2017 agreement is void. The Motion also seeks partial dismissal of Count VI, for breach of the covenant of good faith and fair dealing relating to licensing and other exploitation of the musical.[1] The Court's decision on the Motion

---

[1] The Motion does not seek dismissal of Plaintiffs' Count IV, for a declaratory judgment that Plaintiffs marketing of a cast album does not infringe on Scholastic's *Goosebumps* trademarks; Count V, seeking to hold Scholastic liable for alleged infringement of copyrights by theaters that produced the musical; or Count VI's claim for breach of contract for alleged failure to provide proper "credit" to Plaintiffs.



Hon. Analisa Torres
December 24, 2025
Page 2

may impact the scope of claims in this action.

Second, following resolution of the Motion—regardless of the outcome—Scholastic will serve and file counterclaims for, among other things, (a) a declaration of copyright ownership in content relating to the *Goosebumps* musical, including the associated musical compositions and a synopsis of the musical; and (b) trademark infringement arising from the sale of *Goosebumps*-branded merchandise.  Following Plaintiffs' answer to Scholastic's counterclaims, Scholastic intends to request permission to move for summary judgment on its counterclaims.  (Scholastic does not anticipate that additional discovery will be required on its counterclaims because, in essence, they are mirror images of Counts III and IV of the FAC.)

Due to these factors, Scholastic submits that it will be more efficient for both the Court and the parties to defer the deadline for pre-motion letters regarding summary judgment until after the Motion is decided, Scholastic files its counterclaims, and Plaintiffs file their answer.  For the same reasons, Scholastic requests that the Court extend the March 20 deadline for pretrial submissions to a to-be-determined date after Plaintiffs file their answer.  Plaintiffs do not oppose these requests.

Plaintiffs also request an extension of time for expert discovery.  The Parties already have conducted extensive fact discovery relating to *all* of the claims currently in the case, notwithstanding the pending motion. However, because a decision on the pending Motion could affect the scope of claims, moving forward with expert discovery could undermine judicial efficiency. Plaintiffs believe that having experts submit reports without clarity as to the scope of claims could result in expert testimony that does not align with the needs of the case and ask that the Court extend the time to complete expert discovery, currently set for February 2, 2026 (*see* ECF No. 74), to a date to be determined by the Court after a decision is rendered on the Motion. Defendants do not oppose this request, but they do not join the request as Defendants will not be submitting initial expert reports themselves.

This is the parties' first request for a specific extension of the deadline for pre-motion letters regarding summary judgment.  The Court has previously granted three requests for extensions of the deadlines for fact discovery and subsequent deadlines.  (ECF Nos. 68, 71 and 74.)  Granting these requests will not impact other deadlines.

Respectfully submitted,

*/s/ Guy Cohen*

GRANTED.  The deadlines for (1) requesting a pre-motion conference on anticipated summary judgment motions, (2) pre-trial submissions, and (3) completing expert discovery are ADJOURNED *sine die*.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 76.

SO ORDERED.

Dated: December 29, 2025
  New York, New York

_____
ANALISA TORRES
United States District Judge