

January 15, 2026

**By ECF and Email**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re:    Joint Letter Regarding Rule 30(b)(6) Deposition Topic;**
***Abosch et al. v. Scholastic Entertainment Inc., et al.* (No. 24-cv-08041)**

Dear Judge Torres:

This firm represents Plaintiffs Danomalous Productions, LLC, Danny Abosch, and John Maclay (together, "Plaintiffs") in the above-referenced action. The parties respectfully submit this joint letter pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices regarding discovery disputes to address the issue of Defendants Scholastic Entertainment Inc. and Scholastic Inc.'s (together, "Defendants" or "Scholastic") Rule 30(b)(6) deposition. Counsel met and conferred in good faith regarding this dispute via teleconferences held on December 23, 2025, January 7, 2026 and January 12, 2026[1] and by email correspondence between December 22, 2025 and January 13, 2026.  (Counsel's emails are attached as Ex. A.) The parties have thus significantly reduced the scope of the discovery dispute to two issues involving the topics of 30(b)(6) testimony.

### I.    Background of this Dispute

Plaintiffs first served their Rule 30(b)(6) notice on September 9, 2025. That notice contained nine topics. *See* Ex. B. On November 28, 2025, Defendants served objections to Plaintiffs' Rule 30(b)(6) notice.  *See* Ex. C. In the parties' letter to the Court seeking a final extension of fact discovery on December 2, 2025 (Dkt. 73), the parties noted that they had "agreed to meet and confer following the completion of the existing individual depositions… in an effort to resolve Scholastic's objections to the 30(b)(6) deposition notice." *Id.*[2]

As a result of the parties' meet-and-confer process, Plaintiffs agreed to significantly reduce the scope of the originally noticed topics from nine to six narrow issues. Scholastic has agreed to provide 30(b)(6) testimony on these six topics,[3] but the parties have reached an impasse regarding

---

[1] Gili Karev, on behalf of Plaintiffs and Will Kukin, on behalf of Defendants, met and conferred via teleconferences on each of these dates for ten minutes, one hour, and 15 minutes, respectively.

[2] All fact discovery will be substantially completed by the close of fact discovery on January 16, 2026, other than a deposition of Sony Pictures Entertainment Inc. that is currently scheduled for January 22, 2026 as a courtesy to the deponent. The parties have agreed to set a 30(b)(6) deposition date as soon as the instant dispute is resolved.

[3] The parties have agreed that Defendants will produce a Rule 30(b)(6) witness to testify on the following six topics: (1) initial 2015/2016 communications between Scholastic and Sony/Columbia regarding the Existing Play; (2) the 2021 and 2024 amendments to the Sony agreement with respect to the Existing Play carve-out; (3) Scholastic's understanding of Sony's rights in the cast album, the Play, and any and all components thereof; (4) Scholastic's knowledge of the 2016 Commissioning Agreement; (5) Scholastic's understanding of Susan Gurman's role in

Klaris Law PLLC                                                          Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                              (917) 612-5861

# KLARIS

two topics in particular: Scholastic's understanding of its ownership rights and the enforceability of work-for-hire and assignment language in the relevant contracts.

## II.    The Disputed Topics

The parties' dispute concerns whether Defendants must provide Rule 30(b)(6) testimony concerning Scholastic's understanding of its ownership rights in the Play's components, the basis for that understanding, and Scholastic's corporate understanding of the enforceability of work-for-hire and assignment language in the relevant agreements. The parties' respective positions as to these topics are set forth below.

### a)  Plaintiffs' Position:

Plaintiffs respectfully request that the Court order Defendants to provide 30(b)(6) testimony on Scholastic's understanding of ownership rights and work-for-hire provisions, as these topics are central to key issues in the case. Indeed, Scholastic's corporate understanding of these topics is integral to Plaintiffs' declaratory judgment claims regarding copyright authorship (Count I) and copyright ownership (Count III), which, as explained below, hinge on the question of whether the Play was a work-for-hire as defined under the Copyright Act.  The testimony of Scholastic's fact witnesses has only served to underscore Plaintiffs' position that "SEI has been utterly inconsistent in its treatment of the 'work-for-hire' doctrine." (Dkt. 28). Scholastic's corporate understanding of the ownership and work-for-hire provisions is thus essential to resolving Plaintiffs' claims.

### i.    The Requested Testimony Seeks Factual Information, Not Legal Conclusions

Scholastic refuses to provide testimony on key contractual provisions and their import, claiming that they call for legal conclusions and invade privilege. This is incorrect. Plaintiffs do not seek testimony about Scholastic's legal conclusions or its attorney-client communications. A 30(b)(6) witness can and must testify about the corporation's position and factual understanding of its contracts as its corporate designee. *See, e.g.*, *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01-CV-3016(AGS)(HB), 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002) ("[a] 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity"); *Fung-Schwartz v. Cerner Corp.*, No. 17-CV-0233 (VSB) (BCM), 2020 WL 5253224, at *3 (S.D.N.Y. Sept. 2, 2020) (compelling 30(b)(6) testimony about the factual circumstances and implications of a corporation's contractual responsibilities). Plaintiffs seek to understand why Scholastic included certain provisions, what it intended to achieve, and what it believed it was acquiring—all factual business matters that require 30(b)(6) testimony as to the Scholastic's position. Fact depositions revealed significant gaps and contradictions as to these matters, further highlighting that 30(b)(6) testimony is necessary to obtain Scholastic's authoritative corporate position. Scholastic cannot refuse entire topics by claiming that everything is privileged. If specific questions arguably invade privilege – which, as noted, is not Plaintiffs intent – Scholastic may

---

connection with the 2016 Commissioning Agreement; and (6) the factual circumstances surrounding the 2017 Agreement.

Klaris Law PLLC
161 Water Street, Ste 904, New York, NY 10038

Lance.Koonce@KlarisLaw.com
(917) 612-5861



object at the deposition.

### ii.    Defendants Cannot Refuse to Offer Rule 30(b)(6) Witnesses on the Grounds that Defendants Have Already Provided Fact Witnesses

It is a basic principle of federal law that under Rule 30(b)(6), a party is entitled to obtain corporate testimony from the opposing party even if fact witnesses have provided some testimony on a particular topic. *See In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Portfolio*, 20 MISC 00418-CS-JCM, 2021 WL 3829991 (S.D.N.Y. Aug. 27, 2021), *aff'd sub nom.* 2021 WL 5498283 (S.D.N.Y. Nov. 23, 2021) ("courts within this Circuit permit Rule 30(b)(6) depositions even when the anticipated testimony would 'essentially duplicate information which has already been stated in an individual deposition. . . . because, whereas an individual person may testify as a fact witness, her testimony on the same subject matter pursuant to Rule 30(b)(6) binds the corporation.") (*citing Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) and *Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, CV 16-6517 (SJF) (AKT), 2018 WL 4558405, at *3 (E.D.N.Y. Sept. 21, 2018)). While Defendants argue that fact witnesses have testified on the work-for-hire provision generally, this does not justify refusing to provide a corporate witness that can speak directly to the company's position and bind the corporation on this critical topic.

### iii.    The Requested Testimony Addresses Critical Gaps in Fact Witness Testimony

Moreover, fact depositions revealed that individual Scholastic witnesses lacked knowledge of fundamental aspects of ownership rights central to this dispute. Witnesses provided only conclusory statements about ownership without the ability to explain what Scholastic understood specific contractual provisions to accomplish, or what it intended to achieve through work-for-hire and assignment language. For instance, no witness could provide corporate testimony on Scholastic's awareness of the 2016 Commissioning Agreement or why a separate 2017 "side agreement" was necessary if Scholastic believed it owned all rights. Rule 30(b)(6) exists precisely to obtain the corporation's official position when individual fact witnesses provide incomplete, inconsistent, or limited testimony – as is the case with Scholastic's fact witnesses here. *See* Fed. R. Civ. P. 30(b)(6), *Advisory Committee's Note to 1970 Amendments*, Fed. Civ. Judicial Pro. and Rules, Rev. Ed. (2024) at 162–163 (the rule is intended to "curb the 'bandying by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.'"); *Trs. of Loc. 854 Pension Fund v. Barrett*, No. 23-CV-1160 (JHR) (JW), 2024 WL 4026257, at *1 (S.D.N.Y. Sept. 3, 2024) (citing same).

### iv.    The Requested Testimony is Relevant and Proportional

As set forth above, the disputed topics directly relate to Plaintiffs' declaratory judgment claims regarding copyright authorship and ownership. The requested testimony goes to the heart of whether Scholastic owns the Play and on what basis it claims such ownership. Scholastic's position on ownership rights and work-for-hire provisions is thus directly relevant to a core issue in the case, and the minimal burden of providing a witness to testify on these narrow additional

Klaris Law PLLC                                                                    Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                                            (917) 612-5861

# KLARIS

topics is minimal and proportional to the needs of the case. *See* Dkt. 28 (Counts I and III of Plaintiffs' Complaint). In proving these claims, Plaintiffs must demonstrate that the Play was not a "work made for hire" as defined under the Copyright Act, which necessarily requires testimony reflecting Scholastic's corporate understanding of two underlying agreements: (1) the 2016 Commissioning Agreement between the adaptors (Abosch and Maclay) and the commissioning theaters, which purported to grant the Play to Scholastic (a nonparty to the agreement) as a work-for-hire but crucially *did not* include assignment language, and (2) the 2017 Agreement between Plaintiffs and Scholastic, which contained a contested work-for-hire provision and assignment language. Plaintiffs thus respectfully request that the Court order Defendants to provide Rule 30(b)(6) testimony on the disputed ownership and work-for-hire topics.

**b) Defendants' Position**

**i.    The Parties' Legal Dispute Regarding the 2017 Agreement**

The interpretation of the ownership and work-for-hire provisions in the parties' 2017 Agreement is the subject of Scholastic's pending motion to dismiss. (ECF No. 49.) The relevant provisions are as follows (*see* FAC, Ex. F, § 5(a), ECF No. 28-1 at 39–50):

> Adaptors…agree that the Play was created as and constitutes a work-for-hire on behalf of SEI…under the copyright laws of the United States. SEI shall be the sole and unlimited owner thereof and of all rights therein throughout the world forever, and SEI shall be entitled to the copyright therein, including statutory copyright and all renewals, extensions and revivals thereof, in and to the Play (including without limitation the Script, Libretto, Lyrics, Compositions, Arrangements, Orchestrations, and Orchestral Tracks) and all components of the foregoing....SEI shall have the sole and absolute right to copyright the Play as copyright author…. To the extent that the Play, or any portion thereof, may not qualify as a work-for-hire, Adaptors, individually and collectively, hereby grant, transfer, and assign all right, title and interest in and to the Play to SEI, including, without limitation, all copyright and any and all other proprietary rights therein, throughout the world and in perpetuity for use in any and all media now known or hereinafter developed.

These provisions unambiguously affix ownership of the Play and each of its components in Scholastic. Plaintiffs reject this plain meaning and argue that they own various components of the Play. But the parties' dispute is purely legal. It concerns the interpretation of a contract. There are no factual issues in dispute; the contract speaks for itself, and its interpretation is a matter to be resolved by the Court—not a 30(b)(6) witness.

**ii.    Plaintiffs Improperly Seek Legal Conclusions and Privileged Information**

Plaintiffs tellingly do not apprise the Court of the actual topics for which they noticed Rule 30(b)(6) testimony. On December 29, 2025, Plaintiffs refined the scope of their original 30(b)(6) notice to include the following topics: "(1) <u>Ownership Rights in the Play Components</u>: Scholastic's understanding of its ownership rights in each component of the Play—including the script, libretto, lyrics, musical compositions, arrangements, orchestrations, orchestral tracks, and sheet music—

Klaris Law PLLC
161 Water Street, Ste 904, New York, NY 10038

Lance.Koonce@KlarisLaw.com
(917) 612-5861

# KLARIS

and the factual and legal basis for Scholastic's claimed ownership of such components," and "(2) <u>Work-for-Hire Provisions and Assignment Language</u>: Scholastic's understanding of the enforceability of work-for-hire provisions for theatrical works under copyright law, the decision to include such provisions in the commissioning agreements, Scholastic's knowledge that assignment language was struck from the final agreements, and the legal effect of such omissions on ownership rights." (Ex. A at 13.)   These topics are improper for several reasons.

*First*, Plaintiffs plainly seek Scholastic's legal conclusions regarding the meaning of the contractual provision cited above.  Although Plaintiffs agreed during the meet-and-confer process to withdraw their request for testimony regarding the "legal basis" of Scholastic's ownership claim, they subsequently clarified that they seek to "walk through the relevant contracts" with a 30(b)(6) witness and ask for the witness's "interpretation" of the relevant provisions.  (Ex. A at 6, 9.)  That is plainly improper.  A 30(b)(6) witness's "individual[ ] interpretation of the contract based on his reading of it" is a legal conclusion that is not binding on the corporation.  *MVP Health Plan, Inc. v. Optuminsight, Inc.*, 2016 U.S. Dist. LEXIS 189263, at *32 (N.D.N.Y. Sep. 30, 2016) (citing *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 229 n.9 (3d Cir. 2009)); *see also id.* ("A 30(b)(6) witness's legal conclusions are not binding on the party who designated him.") (quoting *S. Wine & Spirits of Am., Inc. v. Div. of Alcohol & Tobacco Control*, 731 F.3d 799, 811 (8th Cir. 2013)); *Google LLC v. Sonos, Inc.*, 2022 U.S. Dist. LEXIS 197728, at *13 (N.D. Cal. Oct. 31, 2022) (denying motion to compel 30(b)(6) testimony regarding "contract interpretation").

Likewise, it is difficult to conceive of a topic that more clearly calls for a legal conclusion than testimony regarding the "enforceability of work-for-hire provisions for theatrical works under copyright law."  During the meet-and-confer process, Plaintiffs refused to refine this topic at all.

*Second*, the noticed topics seek information that is protected by the attorney-client privilege or work product doctrine.  The basis of Scholastic's "understanding" of the relevant ownership and work-for-hire—and the "enforceability" of such provisions—necessarily implicates legal advice received by Scholastic, Scholastic's legal strategies, or both.

Plaintiffs contend they are entitled to Scholastic's "factual understanding" of the 2017 Agreement, but they have never clarified what that actually entails beyond asking for Scholastic's interpretation of contractual terms.  It is impossible to cabin testimony regarding the meaning of contractual terms without improperly seeking a legal conclusion.  *See Google LLC*, 2022 U.S. Dist. LEXIS 197728, at *13 ("The facts that form [the corporation's] 'beliefs' are legal conclusions and an improper topic for a Rule 30(b)(6) deposition.").  As the court in *Google* explained, "[e]ven if the topic[s] could somehow be read as seeking the factual bases for [Scholastic's] 'understanding' of the meaning of certain provisions in the Agreement, it would still be an improper attempt to discover legal conclusions and/or protected information" because the requested testimony "implicates serious privilege concerns."  *Id.* at *10-11.

Moreover, Scholastic has agreed to provide 30(b)(6) testimony regarding the factual circumstances of the 2017 Agreement.  *Supra* n.3.  Any testimony beyond that is improper.

### iii.    The Requested Testimony is Unduly Burdensome, Duplicative, and Not

Klaris Law PLLC                                                     Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                                      (917) 612-5861

# KLARIS

### Described with Reasonable Particularity

"[P]reparing for a Rule 30(b)(6) can be burdensome." *A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 U.S. Dist. LEXIS 9218, at *16 (S.D.N.Y. May 20, 2002). Thus, as Plaintiffs' own case recognizes, "courts should scrutinize Rule 30(b)(6) notice topics for proportionality, burden and reasonable particularity to ensure that the responding party can select and prepare the most suitable witness and so that the topics do not engender abuse of the process by either party." *Fung-Schwartz*, 2020 U.S. Dist. LEXIS 160262, at *3. The Court may therefore "disallow the 30(b)(6) deposition for reasons of efficiency and economy" where the "30(b)(6) topics are duplicative of questions previously asked of an individual witness." *Sound Around, Inc. v. Friedman*, 2025 U.S. Dist. LEXIS 38402, at *4 (S.D.N.Y. Mar. 3, 2025) (citing *A.I.A. Holdings*, 2002 U.S. Dist. LEXIS 9218, at *3). The entity may comply with its Rule 30(b)(6) obligations by adopting the testimony of a fact witness and "agree[ing] that the fact witness's answer will be binding on the entity." *Id.*

Scholastic has done precisely that. Scholastic designated the following fact testimony as binding on Scholastic with respect to the topic of Scholastic's ownership of the Play: "Scholastic wholly owns the rights to Goosebumps the Musical, and the brand and the property"; "This [the 2017 agreement] is basically stating Scholastic's ownership of Goosebumps, the play, the Goosebumps Phantom of the Auditorium"; and "We are the [Goosebumps] brand owner… we solely control the rights to the property and the brand…. We own the rights to the book series, the book art, all the brand materials, all the underlying rights. We're the sole brand owner." (Ex. A.) Scholastic has also directed Plaintiffs to fact testimony regarding work-for-hire. (*See id.*) Any additional testimony regarding these topics would either be duplicative of fact testimony, or else would call for a legal conclusion and/or invade Scholastic's privilege.

Plaintiffs refer vaguely to "gaps and contradictions" in the record, *supra* at 2, but despite numerous requests during the meet-and-confer process, Plaintiffs never identified any supposed "gaps" or "contradictions." There are none. Instead, Plaintiffs tellingly retreat to the vague assertions that they are "entitled to Scholastic's position" regarding ownership and work-for-hire. But without providing specifics—which Plaintiffs have refused to do at every opportunity—the noticed topics fail for the additional reason that they are not stated with reasonable particularity, as required by Rule 30(b)(6).[4] *Winfield v. City of N.Y.*, 2018 U.S. Dist. LEXIS 22996, at *15 (S.D.N.Y. Feb. 12, 2018) (to satisfy the "reasonable particularity" requirement, 30(b)(6) topics must be "explicitly stated" and must have "discernible boundaries").

Nearly 62,000 documents have been produced in this matter. Plaintiffs have deposed every relevant fact witness at Scholastic—including former employees—who is not a lawyer. Plaintiffs are now plainly engaged in a fishing expedition designed to harass Scholastic. This is precisely the sort of "abuse of the [30(b)(6)] process" that courts are tasked with policing. *Fung-Schwartz*, 2020 U.S. Dist. LEXIS 160262, at *3. The Court should deny Plaintiffs' request for 30(b)(6) testimony regarding the ownership and work-for-hire provisions of the 2017 Agreement.

---

[4] Plaintiffs also complain that they require testimony regarding "Scholastic's awareness of the 2016 Commissioning Agreement or why a separate 2017 [Agreement] was necessary." *Supra* at 3. This misses the mark entirely. Scholastic has already agreed to provide testimony regarding both Scholastic's knowledge of the 2016 Commissioning Agreement and the factual circumstances surrounding the 2017 Agreement. *Supra* n.3.

Klaris Law PLLC
161 Water Street, Ste 904, New York, NY 10038

Lance.Koonce@KlarisLaw.com
(917) 612-5861

# KLARIS

We thank Your Honor for your consideration.

Respectfully Submitted,

Lance Koonce
Klaris Law PLLC
161 Water Street, #904
New York, NY 10038
Lance.koonce@klarislaw.com
(917) 612-5861

cc: Guy Cohen, Will Kukin (via ECF)

Klaris Law PLLC                                                          Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                                          (917) 612-5861