# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANOMALOUS PRODUCTIONS, LLC; DANNY ABOSCH; and JOHN MACLAY,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>SCHOLASTIC ENTERTAINMENT INC.; and SCHOLASTIC INC.,<br><br>                    Defendants. | Civil Case No. 1:24-cv-08041 (AT)<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), and Rules 26.2 and 26.3 of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendants Scholastic, Inc. and Scholastic Entertainment Inc. (collectively "Defendants" or "Scholastic"), by their attorneys Davis+Gilbert LLP, hereby object and otherwise respond to Plaintiffs' Notice of Deposition of Person Most Qualified for Scholastic Entertainment, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice") and each of the topics set forth therein (the "Topics") as follows:

## GENERAL RESPONSES

Defendants make the following General Responses to the Notice and Topics in their entirety. The assertion of the same, similar, or additional responses to a specific Topic does not waive any of these General Responses, and specific reference to any of these General Responses in a particular Response is intended for emphasis only. Failure to list any of these General Responses or in a particular Response is not intended, nor shall it be construed, as a waiver. Any specific objection or response made by Defendants in no respect limits or modifies the General Responses stated herein.

1.      Defendants object to the Notice on the grounds that it improperly attempts to use the discovery device of a 30(b)(6) deposition to obtain discovery that Plaintiffs failed to timely pursue.  Having previously neglected their discovery obligations, Plaintiffs served the Notice on September 9, 2025, and noticed the deposition for just before the then-operative fact discovery cutoff of October 3, 2025.  It was clear then that Plaintiffs served the Notice as a prophylactic measure in case they were unable to take individual fact depositions before the close of fact discovery.  After the fact discovery deadline was extended, Plaintiffs' counsel participated in multiple conversations and emails with Defendants' counsel about fact-deposition scheduling, but not once did Plaintiffs mention much less seek to schedule a deposition pursuant to the Notice. Instead, the parties scheduled eight depositions, including depositions of present and former Scholastic employees.   It was not until November 13, as the December 2, 2025, discovery cutoff approached, and with eight depositions to be prepared for and conducted, that Plaintiffs belatedly renewed their request for testimony under the Notice.  Plaintiffs have had and will have ample opportunity to obtain discovery in this action, and Plaintiffs' gamesmanship in belatedly seeking to use the especially burdensome mechanism of a 30(b)(6) deposition to obtain information that they failed to properly seek at an earlier stage of the case should not be permitted.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (considering whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" in determining limits to discovery).

2.      Defendants object to the Notice on the grounds that the Topics are vague, ambiguous, and/or unclear, including Plaintiffs' use of terms that are not defined and/or not otherwise susceptible to any single meaning, and/or do not specify the information sought with "reasonable particularity" as required by Federal Rule 30(b)(6). "Reasonable particularity"

requires identification of specific subject areas of desired testimony with "discernible boundaries." *Winfield v. City of New York*, No. 15CV05236LTSKHP, 2018 U.S. Dist. LEXIS 22996, at *15 (S.D.N.Y. Feb. 12, 2018); *see also Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) (requiring the "requesting party [to] take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."); *Michilin Prosperity Co., Ltd. v. Fellowes Mfg. Co.*, 2006 U.S. Dist. LEXIS 32064, at *6 (D.D.C. May 23, 2006) (finding notice failed to describe topics with reasonable particularity where it sought testimony "with respect to the approximately 2,000 pages of documents produced by [deponent]."). As a result, topics should not be described by reference to non-exclusive issues "includ[ed]" within the topic, but rather "must be explicitly stated." *Winfield*, 2018 U.S. Dist. LEXIS 22996, at *15 (quotations and citation omitted). The Notice does not comply with these requirements.

3. Defendants object to the Notice on the grounds that the Topics are unreasonable, overbroad, unduly burdensome, and duplicative and cumulative of other discovery because the Notice requests testimony concerning Topics that are better suited for other forms of discovery, and/or that in many cases are already the subject of Plaintiffs' existing requests for discovery including the five upcoming fact depositions of Defendants' witnesses that are scheduled to be completed by December 12, 2025. Preparing a witness to testify on the Topics, as phrased, would require an unreasonable investigation by Defendants and would result in precisely the kind of "memory contest" that courts disallow as overbroad and improper. *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CV09371KPFSN, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017); *Eng-Hatcher v. Sprint Nextel Corp.*, 2008 U.S. Dist. LEXIS 67052, *13 (S.D.N.Y. Aug. 28, 2008) (finding that an overly broad 30(b)(6) notice

3

"subjects the noticed party to an impossible task, because, where it is not possible to identify the outer limits of the area of inquiry noticed, compliant designation is not feasible" (internal quotation and citation omitted); *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("A Rule 30(b)(6) Notice is subject to limitations under Rule 26 which requires that the information sought not be unduly burdensome or duplicative. Courts have found Rule 30(b)(6) notices to be unduly burdensome which merely request the duplication of other information already obtained through other discovery methods."); Fed. R. Civ. P. 26(b)(2)(C)(i) (considering whether " the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" in determining limits to discovery).

4.      Defendants object to the Notice on the grounds that the Topics seek information that is not relevant to the claims or defenses of any party in this action, not proportional to the needs of the case, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendants object to the Notice on the grounds that the Topics purport to impose obligations on Defendants that are inconsistent with the Federal Rules, the Local Rules of, and/or any other applicable rule or court order.

6.      Defendants object to the Notice on the grounds that the Topics seek information that is privileged, by virtue of the attorney-client privilege, attorney work-product doctrine, joint-defense privilege, common-interest privilege, or any other privilege, or is otherwise protected against or privileged from disclosure by law or rule of court.  Defendants do not waive, and intend to preserve, all applicable privileges.

7.      Defendants object to the Notice on the grounds that the Topics seek information that constitutes legal conclusions.

4

8.      No response or objection contained herein shall be deemed to be an admission, concession, or waiver by Defendants as to the validity of any claim or defense asserted by any party in this action, or to any facts, characterizations, or conclusions contained in the Notice.

9.      Without assuming any obligation to do so, and without waiving the objections asserted herein, Defendants reserve the right to amend and/or supplement these objections as and when additional facts are discovered or ascertained.  By responding herein, Defendants do not waive or intend to waive, and instead reserve, all objections to the Notice and the Topics.

10.     By responding to the Topics, Defendants do not waive, and intend to preserve, all applicable privileges.   Accordingly, where Defendants have agreed to provide information responsive to the Notice, Defendants will provide only information that is non-privileged.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of the foregoing objections, Defendants specifically object and otherwise respond to the Topics as follows:

**TOPIC NO. 1:**

The creation, development, approval, and production of the play titled "Goosebumps the Musical: Phantom of the Auditorium" ("the Play"), which for purposes of this deposition notice will include the script, libretto, lyrics, compositions, arrangements, orchestrations, orchestral tracks, sheet music and cast album of original music from the Play, and any and all other materials underlying and/or contained in the Play (the "Underlying Materials").

**RESPONSE TO TOPIC NO. 1:**

Defendants object to this Topic on the grounds that it does not describe with reasonable particularity the matters for examination, including, but not limited to, because the Topic includes, but is expressly not limited to, nine purported sub-topics comprising the definition of "the Play" in addition to the undefined and unlimited "any and all other materials underlying and/or contained in the Play," which all tend to expand, rather than constrain, the already broad Topic; and because the Topic does not set any further limitation or boundary on the testimony sought, making it

5

impossible for a witness to properly prepare responsive testimony. As a result, the Topic is not explicitly stated as required.  Defendants further object to this Topic on the grounds that it is overbroad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, including, but not limited to, because the phrase "other materials underlying and/or contained in the Play" is vague, ambiguous, and purports to include all manner of "underlying materials" that are unrelated to the facts and circumstances of this case, including the underlying book, "GOOSEBUMPS: Phantom of the Auditorium," the creation and ownership of which is not at issue in this case. Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing discovery requests, including the five upcoming fact depositions of Defendants' witnesses that are scheduled to be completed by December 12, 2025.  Defendants further object to this Topic to the extent it seeks information that is privileged, by virtue of the attorney-client privilege, attorney work-product doctrine, joint-defense privilege, common-interest privilege, or any other privilege, or is otherwise protected against or privileged from disclosure by law or rule of court.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions.  Defendants are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

**TOPIC NO. 2**

The terms of any agreements related to the Play.

**RESPONSE TO TOPIC NO. 2**

Defendants object to this Topic on the grounds that it does not describe with reasonable particularity the matters for examination, including, but not limited to, because it broadly and

6

generally seeks testimony concerning the terms of unidentified agreements covering an unidentified and unlimited period of time; because the Topic puts the burden on Defendants to try to ascertain the subject of Plaintiffs' inquiry; and because the Topic does not set any further limitation or boundary on the testimony sought, making it impossible for a witness to properly prepare responsive testimony.  As a result, the Topic is not explicitly stated as required. Defendants further object to this Topic on the grounds that it is overbroad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, including, but not limited to, because it calls for indiscriminate testimony on any number of contractual terms and agreements that are unrelated to the facts and circumstances of this case. Defendants further object to this Topic on the grounds that it calls for legal conclusions concerning the terms of such agreements, and because the referenced agreements speak for themselves. Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing discovery requests, including the five upcoming fact depositions of Defendants' witnesses that are scheduled to be completed by December 12, 2025.  Defendants further object to this Topic to the extent it seeks information that is privileged, by virtue of the attorney-client privilege, attorney work-product doctrine, joint-defense privilege, common-interest privilege, or any other privilege, or is otherwise protected against or privileged from disclosure by law or rule of court.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions.  Defendants are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

**TOPIC NO. 3**

The nature and terms of any agreements relating to the book "GOOSEBUMPS: Phantom of the Auditorium" (the "Property") with third parties, including but not limited to Sony Entertainment.

**RESPONSE TO TOPIC NO. 3**

Defendants object to this Topic on the grounds that it does not describe with reasonable particularity the matters for examination, including, but not limited to, because it broadly and generally seeks testimony concerning the "nature and terms" of unidentified agreements covering an unidentified and unlimited period of time; because the Topic includes, but is expressly not limited to, agreements with Sony Entertainment, which does not constrain the already broad Topic; because the Topic puts the burden on Defendants to try to ascertain the subject of Plaintiffs' inquiry; and because the Topic does not set any further limitation or boundary on the testimony sought, making it impossible for a witness to properly prepare responsive testimony. As a result, the Topic is not explicitly stated as required. Defendants further object to this Topic on the grounds that it is overbroad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, including, but not limited to, because it calls for indiscriminate testimony on any number of contractual terms and agreements that are unrelated to the facts and circumstances of this case, as the underlying "Property" is not at issue in this case. Defendants further object to this Topic on the grounds that it calls for legal conclusions concerning the terms of such agreements, and because the referenced agreements speak for themselves. Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing discovery requests, including the five upcoming fact depositions of Defendants' witnesses that are scheduled to be completed by

8

December 12, 2025.  Defendants further object to this Topic to the extent it seeks information that is privileged, by virtue of the attorney-client privilege, attorney work-product doctrine, joint-defense privilege, common-interest privilege, or any other privilege, or is otherwise protected against or privileged from disclosure by law or rule of court.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions.  Defendants are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

**TOPIC NO. 4**

> Susan Gurman and/or Gurman Agency LLC's (together, "Gurman") representation of SEI in connection with the Property and/or the Play.

**RESPONSE TO TOPIC NO. 4**

Defendants object to this Topic on the grounds that it is overbroad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, including, but not limited to, because it calls for testimony concerning representation "in connection with the Property" unrelated to the Play that is not at issue in this case; and because it covers an unreasonable and unlimited period of time.  Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing discovery requests, including the depositions of five of Defendants' witnesses, that are scheduled to be completed by December 12, 2025.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions.  Defendants

9

are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

## TOPIC NO. 5

SEI's policies, procedures and standard practices, regarding the disposition of rights in and to any of its properties for derivative works, including but not limited to stage play derivatives.

## RESPONSE TO TOPIC NO. 5

Defendants object to this Topic on the grounds that it does not describe with reasonable particularity the matters for examination, including, but not limited to, because it broadly and generally seeks testimony concerning "standard practices" for derivative works of "any of its properties" covering an unidentified and unlimited period of time; because the Topic includes, but is expressly not limited to, "stage play derivatives," which does not constrain the already broad Topic; because the Topic puts the burden on Defendants to try to ascertain the subject of Plaintiffs' inquiry; and because the Topic does not set any further limitation or boundary on the testimony sought, making it impossible for a witness to properly prepare responsive testimony. As a result, the Topic is not explicitly stated as required. Defendants further object to this Topic on the grounds that it is overbroad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, including, but not limited to, because the phrases "standard practices" and "disposition of rights" are vague and ambiguous, and because the Topic purports to include all manner of derivative works and properties that are unrelated to the facts and circumstances of this case. Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing

discovery requests, including the depositions of five of Defendants' witnesses that are scheduled to be completed by December 12, 2025.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions. Defendants are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

**TOPIC NO. 6**

Communications between SEI and Plaintiffs concerning the Play.

**RESPONSE TO TOPIC NO. 6**

Defendants object to this Topic on the grounds that it does not describe with reasonable particularity the matters for examination, including, but not limited to, because it broadly and generally seeks testimony concerning any number of unidentified "communications," no matter the context, and covering an unidentified and unlimited period of time; because the Topic puts the burden on Defendants to try to ascertain the subject of Plaintiffs' inquiry; and because the Topic does not set any further limitation or boundary on the testimony sought, making it impossible for a witness to properly prepare responsive testimony. As a result, the Topic is not explicitly stated as required. Defendants further object to this Topic on the grounds that it seeks information that is already in Plaintiffs' possession, custody or control. Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing discovery requests, including the depositions of five of Defendants' witnesses that are scheduled to be completed by December 12, 2025.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions. Defendants

11

are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

**TOPIC NO. 7**

Communications between SEI and Gurman concerning the Play.

**RESPONSE TO TOPIC NO. 7**

Defendants object to this Topic on the grounds that it does not describe with reasonable particularity the matters for examination, including, but not limited to, because it broadly and generally seeks testimony concerning any number of unidentified "communications" covering an unidentified and unlimited period of time; because the Topic puts the burden on Defendants to try to ascertain the subject of Plaintiffs' inquiry; and because the Topic does not set any further limitation or boundary on the testimony sought, making it impossible for a witness to properly prepare responsive testimony. As a result, the Topic is not explicitly stated as required. Defendants further object to this Topic on the grounds that it is overbroad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, including, but not limited to, because it calls for indiscriminate testimony on all communications concerning the Play no matter the context. Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing discovery requests, including the depositions of five of Defendants' witnesses that are scheduled to be completed by December 12, 2025. Defendants further object to this Topic to the extent it seeks information that is privileged, by virtue of the attorney-client privilege, attorney work-product doctrine, joint-defense privilege, common-interest privilege, or any other privilege, or is otherwise protected against or privileged from disclosure by law or rule of court.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions. Defendants are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

**TOPIC NO. 8**

Knowledge of SEI's promotion, marketing and advertising of the Play.

**RESPONSE TO TOPIC NO. 8**

Defendants object to this Topic on the grounds that it does not describe with reasonable particularity the matters for examination, including, but not limited to, because it seeks testimony concerning "knowledge" of certain activities, which is vague and ambiguous in this context, and covers an unidentified and unlimited period of time; because the Topic puts the burden on Defendants to try to ascertain the subject of Plaintiffs' inquiry; and because the Topic does not set any further limitation or boundary on the testimony sought, making it impossible for a witness to properly prepare responsive testimony. As a result, the Topic is not explicitly stated as required. Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing discovery requests, including the depositions of five of Defendants' witnesses that are scheduled to be completed by December 12, 2025.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions. Defendants are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

**TOPIC NO. 9**

Knowledge of revenues SEI received in connection with the Play.

**RESPONSE TO TOPIC NO. 9**

Defendants object to this Topic on the grounds that it does not describe with reasonable particularity the matters for examination, including, but not limited to, because it seeks testimony concerning "knowledge of revenues", which is vague and ambiguous in this context, and covers an unidentified and unlimited period of time; because the Topic puts the burden on Defendants to try to ascertain the subject of Plaintiffs' inquiry; and because the Topic does not set any further limitation or boundary on the testimony sought, making it impossible for a witness to properly prepare responsive testimony. As a result, the Topic is not explicitly stated as required. Defendants further object to this Topic on the grounds that it is cumulative, duplicative, and not proportional to the needs of the case, including, but not limited to, because it purports to seek information which is already the subject of Plaintiffs' existing discovery requests, including the five upcoming fact depositions of Defendants' witnesses that are scheduled to be completed by December 12, 2025.

Pursuant to the foregoing objections, Defendants will not designate a witness on this Topic as drafted or prior to the completion of the parties' existing scheduled fact depositions. Defendants are willing to meet and confer regarding an appropriately tailored revised Topic following the completion of scheduled depositions.

Dated:  November 28, 2025
         New York, New York

**DAVIS+GILBERT LLP**

 */s/ Guy Cohen*
Guy Cohen
Jacklyn M. Siegel
William S. Kukin
1675 Broadway
New York, New York 10019
(212) 468-4800
gcohen@dglaw.com
jseigel@dglaw.com
wkukin@dglaw.com

*Counsel for Defendants Scholastic Inc.*
*and Scholastic Entertainment Inc.*