**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
DANNY ABOSCH et al.,                                        :
                                                            :
        Plaintiffs,                                   :      24-CV-8041 (AT) (OTW)
                                                            :
        -against-                                     :      **ORDER**
                                                            :
SCHOLASTIC ENTERTAINMENT INC. et al.,                       :
                                                            :
        Defendants.                                   :
                                                            :
                                                            :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF Nos. 78, 92, and 95. Plaintiffs' motion to compel Rule

30(b)(6) deposition testimony on the two remaining topics is **DENIED**. The topics in dispute seek

testimony concerning: 1) "Scholastic's understanding of its ownership rights in each component

of the play;" and 2) "Scholastic's understanding of the enforceability of work-for-hire provisions

for theatrical works under copyright law, the decision to include such provisions in the

commissioning agreements, Scholastic's knowledge that assignment language was struck from

the final agreements, and the legal effect of such omissions on ownership rights" [sic].  (ECF 92

at 2). For the following reasons, Plaintiffs' motion is **DENIED**.

Scholastic already designated certain fact testimony as binding on the corporation,

including its assertion that it "wholly owns the rights to Goosebumps the Musical." (ECF 92 at

2). Seeking testimony about Scholastic's "understanding" of its ownership rights boils down to

seeking Scholastic's legal conclusions about the contract negotiation and drafting. *See Hall v.*

*Mountain Valley Indemnity Co.*, No. 23-CV-2496 (LJL), 2024 WL 4635329 at n.2 (S.D.N.Y., Oct.

30, 2024) (collecting cases for proposition that because contract interpretation is a matter of

law for the court to decide, witness's 30(b)(6) testimony could not be used to override court's interpretation of contract). In any event, a 30(b)(6) witness's <u>legal</u> conclusions are not binding on the corporate party, so there would be no point to obtaining 30(b)(6) testimony on these topics.[1] (*Id.*; *see also* ECF 95 at 2-3). In short, the disputed topics here seek legal conclusions that would implicate privileged communications, and such legal conclusions are not binding on the corporation. Compelling deposition testimony on these topics would not yield relevant information, nor would it be proportional to the needs of the case.

The Clerk of Court is respectfully directed to close ECF Nos. 92 and 95.

**SO ORDERED.**

/s/ Ona T. Wang

Dated: June 4, 2026    **Ona T. Wang**
       New York, New York    United States Magistrate Judge

---

[1] Plaintiffs' reliance on *Twentieth Century Fox Film Corp.* and *Fung-Schwartz* is misplaced. In *Twentieth Century Fox Film Corp.*, Judge Pitman addressed the preparedness of a 30(b)(6) designee to testify about certain documents of which the witness disclaimed knowledge. *Twentieth Century Fox Film Corp. v. Marvel Enters. Inc.*, No. 01-CV-3016 (AGS) (HBP), 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) (30(b)(6) designee disclaimed knowledge of a document produced by its employer bearing letterhead believed to be subsidiary of the corporate witness). In *Fung-Schwartz*, Judge Moses found that "all four of the topics [in the 30(b)(6)] . . . notice were overbroad, disproportional to the needs of the case, and lacked the particularity necessary for defendants to select and prepare a suitable witness." *Fung-Schwartz v. Cerner Corp.*, No. 17-CV-0233 (VSB) (BCM), 2020 WL 5253224 at *2 (S.D.N.Y. Sep. 2, 2020) (ultimately ordering 30(b)(6) deposition, but narrowing and rewriting topics to address only factual matters related to the contracts and sales orders in dispute).

2